ORIGINAL

FILED
U.S. DISTRICT COURT
2010 JUN 29 PM 4: 08
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WAYNE ANTHONY SHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 309-103 |
| | ) | |
| WALT WELLS, Warden, and ERICK HOLDER, Attorney General, | ) ) | |
| | ) | |
| Respondents. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("McRae") in McRae, Georgia, brought the captioned petition under 28 U.S.C. § 2241. Respondents have filed their response to the petition. (Doc. no. 9.) For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Attorney General Holder be **DISMISSED** as an improper Respondent, that the petition filed pursuant to § 2241 be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

### I. BACKGROUND

Petitioner pled guilty in the United States District Court for the Southern District of Florida to one count of illegal re-entry and is currently serving a 46-month sentence at McRae. See United States v. Shaw, CR 07-20349 (S.D. Fla. May 3, 2007); (doc. no. 9, Ex. A, Att. 1.) Petitioner asserts that because of his status as a deportable alien, he is being

subjected to a more severe sentence than other prisoners who are United States citizens. (Doc. no. 1, pp. 7-14.) Specifically, Petitioner contends that he is not allowed to participate in a Residential Drug Abuse Treatment Program and therefore cannot avail himself of the one-year drug program credit. (Id. at 1.) Petitioner appears to contend that he would be serving a shorter sentence if he were allowed to participate in the program. (Id. at 1, 11, 14.) Petitioner also contends this practice subjects him to double jeopardy and violates the Equal Protection Clause and the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.* (Id. at 6, 16-19.)

Notably, in their response to the petition, Respondents provide that Petitioner is subject to a detainer issued by the Bureau of Immigration and Customs Enforcement ("BICE"), which will culminate in deportation proceedings at the conclusion of his prison sentence. (See doc. no. 9, p. 6.) Respondents also argue that Petitioner's claims are not appropriate in this § 2241 petition and, in any event, are due to be dismissed because Petitioner has not exhausted his administrative remedies. (Id. at 2, 4-5.) Respondents further submit that the petition is not ripe for review because Petitioner has not even participated in the Residential Drug Abuse Program. (Id. at 5-6.) The Court resolves the matter as follows.

## II. DISCUSSION

### A.  Proper Respondent

Before turning to the merits of the § 2241 petition, the Court first addresses the proper parties to this action. Petitioner has named Walt Wells, Warden of McRae, and Erick Holder, the Attorney General of the United States, as Respondents in this action. However, Attorney General Holder is not a proper Respondent because, in a habeas proceeding, the

2

case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965).[1] Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at McRae, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that Attorney General Holder be **DISMISSED** from this case.

**B.     Section 2241 Petition**

Turning to the merits of Petitioner's § 2241 petition, the Court notes that the petition does not challenge the fact or duration of his confinement. Instead, notwithstanding his contention that his sentence could be shorter and that he is entitled to a downward departure, Petitioner challenges his ineligibility to participate in drug treatment programs, which relates to the conditions and circumstances of his confinement at McRae.[2] The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[2] To the extent Petitioner argues that he is entitled to a downward departure or a reduction in his sentence under 28 U.S.C. § 2255 or under § 2241 pursuant to the "savings clause" of § 2255(e) (doc. no. 1, pp. 10-12), this Court is not the proper forum for bringing such claims. Indeed, such claims must be brought in the district of conviction, in this case, the Southern District of Florida. See United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990). In any event, as explained in detail herein, the Court finds that Petitioner's claims do not attack the fact or duration of his confinement, but rather his ineligibility to participate in a drug treatment program, which relate to the circumstances and conditions of his confinement at McRae. Accordingly, these claims are not appropriate in this § 2241 petition.

3

1979), revised by 596 F.2d 658 (5th Cir. 1979). "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that a petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.3d 320, 323 (5th Cir. 1982).

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a § 2241 petition. Accordingly, the petition should be dismissed for failure to allege grounds on which § 2241 relief may be granted.

The Court also notes that Petitioner has not exhausted his administrative remedies in this case. Indeed, Respondents have provided documentation demonstrating that Petitioner has not filed any grievances while incarcerated at McRae, much less grievances related to the claims he raises in the instant petition. (Doc. no. 9, Ex. A, Att. 2.) The failure of a prisoner to exhaust his administrative remedies prior to filing a complaint or petition in federal court bars a court from granting relief under such a complaint or petition. 42 U.S.C. § 1997e(a); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*). The Eleventh Circuit has held that perceived futility of exhaustion does not excuse a prisoner from pursuing administrative relief before filing a civil complaint in federal court. E.g., Higginbottom v.

Carter, 223 F.3d 1260, 1261 (11th Cir. 2000) (*per curiam*).³ Thus, even if Petitioner had brought the instant claims in a Bivens complaint or if his claims were cognizable under § 2241, he would not be entitled to relief because of his failure to exhaust his administrative remedies through the McRae grievance procedures.⁴

That said, the Court recognizes that other courts have allowed federal prisoners to bring similar claims in § 2241 petitions. See, e.g., United States v. Tamayo, 162 F. App'x 813, 815 (10th Cir. 2006) (considering alien's "equal protection" challenge to "execution" of his sentence under § 2241 without assessing whether claim was exhausted). However, Petitioner's claims lack merit on their face. First of all, Petitioner has no due process liberty interest in early release. See, e.g., Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998). Furthermore, a prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Courts have also held that a prisoner has no constitutionally

---

³While the Eleventh Circuit has not explicitly ruled that the futility exception is inapplicable to habeas petitions, Petitioner in this case has not shown the sort of extraordinary circumstances or patent futility in pursuing administrative relief that would excuse exhaustion even if the futility exception were applicable. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (holding futility exception in habeas cases only applicable in "extraordinary circumstances" where petitioner illustrates patent futility); see also Jaimes v. United States, 168 F. App'x 356, 359 (11th Cir. 2006) (*per curiam*) (observing that whether habeas petitioner "may even assert a futility exception to the [exhaustion] requirement is questionable").

⁴Even if Petitioner had exhausted his administrative remedies before filing under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), he still might not be entitled to relief in federal court. See Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008) (holding that prisoners in a private federal facility are not entitled to Bivens relief when adequate state remedies are available).

protected interest in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), or an "equal protection" interest in eligibility for assignment to halfway houses, McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999).

Furthermore, Petitioner's argument that aliens are categorically denied participation in drug abuse treatment programs, or that any such exclusion is based on ethnicity, is also misleading. The Bureau does not deny aliens participation in substance abuse treatment programs; rather, the Bureau denies aliens subject to BICE detainers consideration for early release on account of their completion of a residential drug abuse treatment program.[5] See 28 C.F.R. § 550.58(a)(1)(i). Of note, the Bureau clearly possesses the power to categorically exclude inmates from consideration for early release. See Lopez v. Davis, 531 U.S. 230, 239-44 (2001) (upholding a Bureau regulation categorically excluding, based upon its general discretion under the statute to grant or deny early release, prisoners convicted of otherwise nonviolent offenses that involved use of a firearm). Additionally, the Bureau may aim such an exclusion at deportable aliens if it has a rational basis for its decision. See Mathews v. Diaz, 426 U.S. 67, 77 (1976).

That said, Petitioner's ineligibility for sentence reduction is actually a consequence of the "detainer exclusion" explained above. The Bureau does not allow inmates who are ineligible for community-based treatment to receive consideration for early release--

---

[5]The Bureau's use of BICE detainers in deciding prisoners' eligibility for prison programs and early release does not offend equal protection principles. Of note, courts have routinely upheld the Bureau's consideration of BICE detainers in making classification decisions regarding inmates, including such issues as security level and eligibility for prison programs. The "detainer exclusion," which is based upon the rationale that prisoners with detainers pose an increased flight risk, does not single out aliens and does not violate the Equal Protection Clause. McLean, 173 F.3d at 1185.

irrespective of whether they complete a substance abuse treatment program. 28 C.F.R. § 550.58(a)(1)(v). As previously noted, all inmates with detainers--not just deportable aliens--fall into this category. The Bureau's decision to link consideration for early release with eligibility for community-based treatment is rational and has been upheld by every court to consider the issue. See, e.g., Rublee v. Fleming, 160 F.3d 213, 215-18 (5th Cir. 1998).

Finally, as one court has explained:

> The [Bureau] does not act in violation of Fifth Amendment equal protection standards in providing programs for prisoners who have a lawful right to remain in the country, whose rehabilitation is of interest to this country and the policy of this society, and in not providing programs for deportable aliens who have no right to be in the country and whom Congress has an interest in deterring from entering or returning. . . . There is no equal protection violation in different treatment of aliens as to rehabilitation and other programs. The United States may treat deportable aliens and citizens differently. There is no primary interest in reformation of deportable persons. That's an interest of the country to which they may be deported. Deterring further illegal reentry is a legitimate interest of the United States as well as saving expenses. Also, special security may be justified to avoid flight to the border. In the case of American citizens, or lawful residents, reformative programs are a worthy correctional consideration.

Ruiz-Loera v. United States, No. 00-CV-323-K, 2000 WL 33710839, at *2 (D. Utah June 23, 2000) (citations omitted); see also Tamayo, 162 F. App'x at 816 ("[T]here is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement.").[6,7]

---

[6]To the extent Petitioner complains that he is subjected to double jeopardy because of his alien status, the Court finds this argument unavailing. Indeed, in support of this argument, Petitioner alleges that because he is an alien who is ineligible to participate in drug treatment programs, he is being subjected to multiple punishment, namely that he will be held in immigration custody following completion of his sentence and that he is separated from his family. (Doc. no. 1, pp. 17-18.) The Double Jeopardy Clause protects against, *inter*

7

## III.  CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Attorney General Holder be **DISMISSED** as an improper Respondent, that the petition filed pursuant to § 2241 be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this 29th day of June, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

*alia*, multiple punishments for the same offense. Ohio v. Johnson, 467 U.S. 493, 498 (1984). However, the circumstances that Petitioner contends constitute multiple punishment are simply consequences of his conviction or the BICE detainer and do not reflect that he has been punished multiple times for the same offense within the meaning of the Double Jeopardy Clause. Accordingly, even if this claim were appropriate in this § 2241 petition and had been exhausted, the Court finds that this argument also lacks merit on its face.

[7] Respondents have also argued that the issues presented in the instant petition are not ripe for determination because Petitioner has not even participated in the Residential Drug Abuse Program. (See doc. no. 9, pp. 5-6.) However, if the Court were to accept this argument, the issues Petitioner raises in the petition might never be ripe for review since, as noted above, Petitioner is not eligible to participate in this program because of the detainer that BICE has placed on him. That said, Petitioner's claims are without merit on their face, and accordingly, the Court need not consider Respondent's "ripeness" argument further.

8